UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN MICHAEL AITKEN,

    Plaintiff,

v.                                       Case No. 3:25cv1260-TKW-HTC

R. QUINN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Steven Michael Aitken, an inmate currently incarcerated at Santa Rosa Correctional Institution, initiated this action on August 1, 2025, by filing a civil rights complaint in the Middle District of Florida. Doc. 1. The Middle District Court transferred the matter here because it involved Aitken's current incarceration at Santa Rosa CI, which is in the Northern District. Doc. 3. The complaint was not on the proper form for this Court, and Aitken did not pay the filing fee or file a motion to proceed *in forma pauperis*, so on August 13, 2025, the Court sent him the forms for filing a complaint and a motion to proceed *in forma pauperis* and ordered that by September 3, 2025, he (1) file an amended complaint on the form and (2) pay the fee or file an *in forma pauperis* motion. Doc. 6. On September 9, after not receiving any response from Aitken, the Court ordered Aitken to show cause by September 23, 2025, why the case should not be dismissed. Doc. 7. Aitken was warned that

"failure to comply with this order will result in a recommendation that this case be dismissed without further notice." *Id.* To date, no response has been received from Aitken, and the time for a response has passed.

Based on the foregoing, dismissal of this case is appropriate.[1] *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Aitken's failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

---

[1] Although Aitken labels his complaint as an "Emergency" due to his fear of sexual assault, he only describes prior events that occurred at his past institutions and identifies no specific threats at his current facility. He thus expresses only a generalized and speculative fear of assault while in close management. Also, a copy of the complaint was sent by the Middle District clerk to the Inspector General of the Florida Department of Corrections and the Warden of Santa Rosa CI to alert each of Plaintiff's allegations of fear of sexual assault. Doc. 2. Thus, the emergency label given by Aitken does not preclude requiring him to follow the Court's rules by filing the complaint on the required form and providing for payment of the fee before the Court considers his claims.

At Pensacola, Florida, this 1ˢᵗ day of October, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.